Per Curiam.

By the statute of 1783, c. 43, § 1, describing the duty and power of coroners, it is required that, “ before they enter upon the duties of their office, they shall *be sworn to the faithful discharge thereof, and give security before they proceed to act, in the same manner as sheriffs by law are obliged to do.” The statute of 1783, c. 44, <§> 1, contains the provision respecting the security to be given by sheriffs, and enacts that, if they shall neglect to give the security required at the next Court of Common Pleas holden in their county after their appointment, all services done by them afterwards, and before they give the security, shall be null and void. But, by the statute of 1794, c. 53, this latter provision is repealed ; and by the statute of 1813, c. 189, the provisions of the act of 1794 are extended to coroners.
Perkins was, then, an officer de facto. His commission, and his having taken and subscribed the oaths and declaration, constituted *159 him such; and, however he may be liable to the action of those who suffer by his doings, third persons, who'derive their title under his1 official acts, are not to be affected in their rights by his neglect of giving the security the law required of him.
Fuller for the demandant.
Emmons for the tenant, (a)

Demandant nonsuit

 Vide Buckman vs. Ruggles, post, 180, and cases in the note.